(No. 92-CV-2002– )

*In re* APPLICATION OF ELNORA CAMP

*Order filed September 2, 1992.*
*Opinion filed March 30, 1993.*

ELNORA CAMP, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHARLES A. DAVIS, JR., Assistant Attorney General, of counsel), for Respondent.

## ORDER

FREDERICK, J.

This claim arises out of an incident that occurred on December 30, 1991. Elnora Camp, aunt of the deceased victim, Anthony James Young, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on March 31, 1992, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on December 30, 1991, the victim was shot by the alleged offender. The incident occurred near 900 South Pulaski, Chicago, Illinois. Police investigation revealed that the victim, armed with an Uzi machine gun, began shooting at rival street gang members. During the exchange of gunfire between the rival street gang members, the victim was shot by the alleged offender. The alleged offender has been apprehended and charged with first degree murder. The criminal proceedings against him are currently pending.

2. That section 80.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the victim was armed with an Uzi machine gun and began shooting at rival street gang members. During the exchange of gunfire, he was shot by the alleged offender.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is, hereby denied.

## OPINION

FREDERICK, J.

On March 31, 1992, Elnora Camp, aunt of the deceased victim, filed her application pursuant to the Crime Victims Compensation Act seeking reimbursement for the funeral bill of Anthony James Young. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

This Court considered the application and the investigatory report of the Attorney General and denied the claim in an order entered on September 2, 1992. On September 23, 1992, Claimant filed a request for hearing.

From the reports and evidence, it appears that decedent, Anthony James Young, was shot in the back of the head and killed on December 30, 1991, in a gang shoot-out. The reports indicate the decedent, also known as "Paws," had an Uzi-type weapon and was firing same. He was shot by a rival gang member who was behind him and on a roof during the shoot-out. Several witnesses to the shooting gave statements that the decedent had such a weapon in his possession when he was shot. A person filing a claim for compensation under the Crime Victims Compensation Act is not entitled to compensation if the victim's injuries or death were substantially attributable to the victim's own wrongful act or substantially provoked by the victim. *In re Application of Williams* (1987), 39 Ill. Ct. Cl. 321.

The overwhelming evidence before the Court is that the decedent received a weapon from a gang member known as Karate Joe. Karate Joe had told the victim and others to go shoot some X's, being members of a rival gang. The victim ran out into the street, shooting, but did not see the rival gang members on the roof behind him. A man and his wife who were coming from the laundromat saw the victim lying on the street after observing gunfire in the area. The victim was lying face down. An Uzi-type weapon was lying right next to the victim's right hand. Several other male teenagers grabbed the weapon and ran away.

This claim does not meet a required condition precedent for compensation under the Act as the conduct of the victim directly and substantially contributed to his death. As tragic as this death may be, we are constrained by law to affirm our prior ruling and deny this claim.